IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

HARRY WILLIAM JIMENEZ-VAZQUEZ,

Defendant.

CRIMINAL NO. 07-109 (JAG)

**REPORT AND RECOMMENDATION**

Defendant Harry William Jiménez-Vázquez was charged in a Four Counts Indictment and he agreed to plead guilty to Count One. Count One charges that, from on or about January 1, 2002, through on or about July 14, 2006, in the District of Puerto Rico and elsewhere and within the jurisdiction of this court, the defendant Harry William Jiménez-Vázquez, did knowingly and willfully combine, conspire, confederate, and agree with the other defendants named in the indictment, and with others both known and unknown to the grand jury, to knowingly use, transfer, acquire, alter and possess food stamps coupons, authorization cards, and access devices in amounts greater than one hundred dollars ($100.00), in a manner contrary to Chapter 51 of Title 7, United States Code, and the regulations issued pursuant to this chapter, in violation of Title 7, United States Code, Section 2024(b). The purpose and object of the unlawful conspiracy was that defendant (1) Harry William Jiménez-Vázquez, as well as co-defendants (2) Manuel Colón-Jiménez, (3) Angel L. Orengo-Echevarría, and (4) Kaysmara Colón-Jiménez, allowed PAN beneficiaries to use their assigned debit cards to obtain cash, rather than to purchase groceries as required by the program, through a pattern of deceptive conduct designed to create the appearance that the Electronic Benefits Transfer transactions were legitimate grocery purchases, rather than cash-out transactions, which were

being used by the defendants to enrich themselves at the expense of the PAN, without depleting their goods inventory. The manner and means utilized to accomplish the objects of the conspiracy included, among others, the following:

a. It was a part of the conspiracy that the defendants (1) Harry William Jiménez-Vázquez, as well as co-defendants (2) Manuel Colón-Jiménez, (3) Angel L. Orengo-Echevarría, and (4) Kaysmara Colón-Jiménez would provide PAN participants cash out of the 75% of the benefits deposited in their PAN debit cards, which was to be used solely for the purchase of food.

b. It was further a part of the conspiracy that the defendants (1) Harry William Jiménez-Vázquez, as well as co-defendants (2) Manuel Colón-Jiménez, (3) Angel L. Orengo-Echevarría, and (4) Kaysmara Colón-Jiménez would provide the cash to the PAN participants in exchange for a fee of approximately twenty (20) to twenty-five (25) percent of every hundred ($100.00) dollars cashed out of the PAN debit card.

c. It was further a part of the conspiracy that the defendants (1) Harry William Jiménez-Vázquez, as well as co-defendants (2) Manuel Colón-Jiménez, (3) Angel L. Orengo-Echevarría, and (4) Kaysmara Colón-Jiménez would cause the amount of benefits traded for cash to be electronically deposited in the following ban accounts: (1) Banco Popular de Puerto Rico Account Number 074-016148; (2) Banco Bilbao Vizcaya Argentaria Account Number 1360400112; (3) Banco Santander Account Number 3003651311; (4) Doral Financial Account Number 3840000321; and (5) First Bank Account Number 124004714.

Defendant appeared before this Magistrate Judge on August 27, 2007, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial

by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Octavio M. Rivera-Bujosa, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against his and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Rivera-Bujosa, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment of not more than five (5) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), a term of supervised release of not more than one (1) year

in addition to any term of incarceration. The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced his in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get his to plead guilty, the document entitled "Plea and Forfeiture Agreement" made pursuant to Rule 11(c)(1)(A) & (B) FRCP ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on his will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow his to withdraw his plea of guilty.

Pursuant to the Agreement, defendant agrees to be held responsible for $200,000.00 but less than $400,000.00.

The above-captioned parties' estimate and agreement that appears on page five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2B1.1(a)(2), the

Base Offense Level is of Six (6). Pursuant to U.S.S.G. § 2B1.1(b)(2)(F), a twelve (12) level increase is warranted for specific offense characteristic. Pursuant to U.S.S.G. § 3E1.1, a three (3) level reduction is warranted for acceptance of responsibility. Therefore, the Total Offense Level is of Fifteen (15), with a sentencing range of eighteen (18) to twenty-four (24) months of imprisonment assuming a Criminal History Category of I.

As indicated in paragraph eight (8) of the Agreement, the parties agrees to recommend that the defendant be sentenced to eighteen (18) months of imprisonment.

As indicated in paragraph nine(9) of the Agreement, in exchange for promises set forth herein: Harry William Jiménez-Vázquez, agrees further as follow:

a. To relinquish all rights and interest he may have in the following: any property constituting, or derived from any proceeds that the defendant obtained directly or indirectly pursuant to Section981(a)(1)© of Title 18, United States Code, as incorporated through Title 28, United States Code, Section 2461, Section 982(a)(2) of Title 18, United States Code, and Section 2024(h) of Title 7, United States Code, and/or substitute assets by surrendering to the United States an amount of Fifteen Thousand Dollars ($15,000.00). Defendant acknowledges any assets or property and/or substitute property were involved and or derived from the commission of the offense charged in Count One of the Indictment and therefore, are subject to forfeiture to the United States of America as provided in Section 981(a)(1)© of Title 18, United States Code, as incorporated through Title 28, United States Code, Section 2461, and Section 982(a)(2) of Title 18, United States Code.

b. In agreeing to the forfeiture of the amount stated above, defendant acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty,

c. Defendant Harry William Jiménez-Vázquez understands that upon the signature of this Plea and Forfeiture Agreement all rights and interest in the above mentioned assets and/or substitute assets shall be vested in the United States and he will have waived any judicial or administrative claims that he may have regarding the forfeiture of said assets. In other words, defendant acknowledges that upon entering into this plea and forfeiture agreement, he waives any and all rights Constitutional, statutory or otherwise as to the above mentioned assets. The defendant agrees to sign any additional documents that he may be required in order to complete the forfeiture proceedings.

d. Defendant Harry William Jiménez-Vázquez acknowledges that the above mentioned assets and/or substitute assets are subject to forfeiture pursuant to Section 981(a)(1)© of Title 18, United States Code, as incorporated through Title 28, United States Code, Section 2461, and Section 982(a)(2) of Title 18, United States Code, because the same were obtained from the commission of the above mentioned offense.

e. Furthermore, defendant specifically waives any cause of action that he jointly and individually may have against the United States and forever discharge the United States, its employees, servants, agents, and officers or the like for every and all responsibility concerning the facts surrounding the forfeiture of assets and/or substitute assets subject of this agreement,

including but not limited to: Federal Torts Claims Act rights and Bivens actions as well as other actions based on the United States Constitution, state constitution, and states and local statutes.

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought by the parties. The parties do not stipulate any assessment as to the defendant's Criminal History Category.

Also, as part of the Agreement, as indicated in paragraph sixteen (16), after sentencing the United States will request the dismissal of the remaining counts of the Indictment pending against the defendant, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without his being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to his, to his counsel and to the government, so that

they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Defendant waived the reading of the Indictment in open court because he is aware of its content. Defendant was provided an opportunity to see and examine the Indictment, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 07–109 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 07-109 (JAG).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Jay García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 28th day of August of 2007.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE

[2]The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph twelve (12) a waiver of appeal.